**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-20332-GAYLES**

**ISAIAS LOPEZ GARCIA,**

       **Petitioner**,

v.

**WARDEN, KROME SERVICE PROCESSING**
**CENTER, et al.,**

       **Respondents.**

                                   /

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court upon review of the Petitioner Isaias Lopez Garcia's Petition for Writ of Habeas Corpus. [ECF No. 1]. Petitioner, a noncitizen in custody at the Krome Service Processing Center, alleges that he is being held without an individualized custody determination. [ECF No. 1].

Upon entertaining a § 2241 application for writ of habeas corpus, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. Accordingly, it is

**ORDERED AND ADJUDGED** that within **<u>twenty days of the date of this Order</u>**, Respondents shall file a memorandum of fact and law to show cause why this Petition should not be granted and shall file therewith all documents and transcripts necessary for the resolution of the

Petition. Petitioner may, but is not required to, file a traverse **within 7 days** from the date of Respondents' response.

Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 605 U.S. 91, 95 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of January, 2026.

_____
**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**